IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HAKIEM JOHNSON,**

        Petitioner,

v.                                   **Civil Action No.: 1:16cv220**
                                          **(Judge Keeley)**

**Mr. JOE COAKLEY, Warden,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On November 17, 2016, Hakiem Johnson ("Petitioner" or "Defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania. The matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

**II.    BACKGROUND**[1]

On August 8, 2008, pursuant to a plea agreement, the Petitioner entered a plea

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER. See United States v. Cole, 2:05cr440 (E.D. Pa. 2005). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "mat properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

to Count 1 of a Fifth Superseding indictment, conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base "crack" in violation of 21 U.S.C. §§ 846 and 841(a)(1)(A), and Count 65, possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). On June 19, 2009, the Petitioner was sentenced to 120 months' imprisonment on Count 1 and a consecutive term of 60 months' imprisonment on Count 65.

The Petitioner did not file a direct appeal of his criminal conviction. However, he filed numerous pre-trial motions attacking his indictment; two interlocutory *pro se* appeals of pre-trial order denying his *pro se* motions to dismiss the indictments; at least two pre-trial § 2241 petitions; and a Complaint for Declaratory Judgment and Injunctive Relief against everyone involved in his criminal prosecution, including his own defense attorney, for "unlawfully" breaking into his home to search and seize property; arresting him; refusing to return unlawfully seized property; creating an "elaborate conspiracy" to deprive him of life, liberty, property and money without due process; and alleging that his defense attorney "tried to sneak [him]…into a profer [sic] without telling him what a profer [sic]] was." His application to proceed *in forma pauperis* was denied in that action because his complaint was deemed "patently frivolous" See: (E.D. Pa. ECF No. 4) (2:07cv207).

On January 21, 2014, the Petitioner filed a § 2241 petition with this Court attacking his conviction and arguing that that his convictions violated double jeopardy. More specifically, he argued that the prosecution for conspiracy in Count 1 fails because he was convicted in state court in 2004 for conspiracy to distribute drugs. He also argued that the 924(c) conviction in Count 65 must then fail because it is predicated on

Count 1. The Petitioner also asserted that the government violated double jeopardy by dismissing the charge in Count 58 (which alleged possession of cocaine with intent to distribute on January 21, 2003), and then seeking to introduce evidence of that conduct in support of the conspiracy charge. See (ECF No.1) (Civil Action No. 2:14cv6).

On October 30, 2014, United States Magistrate Judge James E. Seibert conducted a preliminary review of the file and determined that the petition should be construed as a motion filed pursuant to 28 U.S.C. § 2255. Because the Petitioner had not previously filed a § 2255 motion, the Court gave him notice of its intent to recharacterize the petition as § 2255 motion. On November 18, 2014, the Petitioner notified the Court that he elected to have his § 2241 petition converted to a motion filed pursuant to 28 U.S.C. § 2255.  On December 15, 2014, the case was transferred to the Eastern District of Pennsylvania.

On January 5, 2015, following the transfer, the United States responded to the §2255 motion and argued that it was untimely. ECF No. 1632, 2:05-cr-00440-RBS. In addition, the United States argued that the motion was frivolous for multiple reasons. On March 18, 2015, Petitioner's § 2255 Motion was denied, and the Court declined to issue a certificate of appealability. ECF No. 1654.

### III. <u>STANDARD OF REVIEW</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4,

Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

### IV. CLAIMS OF THE PETITION

In support of his pending § 2241, Petitioner again raises a claim of double jeopardy. The Petitioner submitted the same Memorandum in Support that he filed with his § 2241 petition in 2014. The Petitioner argues that his indictment and conviction in the District Court for the Eastern District of Pennsylvania was a duplicative prosecution for an identical offense for which he was prosecuted and pleaded guilty to in state court. Petitioner argues that it has to be barred by the double jeopardy clause because the state and federal charges rested on precisely the same factual predicate.

In addition, the Petitioner argues that his conviction on Count 65 is invalid, not only as a violation of the double jeopardy clause, but also as a violation of Bailey v.

United States, 516 U.S. 137 (1995), and by extension Triestman[2], because one cannot be convicted of violating § 924(c) unless one actually employed the weapon. Accordingly, the Petitioner argues that his plea was neither voluntary nor intelligent, because when he entered it he was under the mistaken belief that he could be convicted on the basis of mere possession of a firearm. In support of this argument, the Petitioner maintains that prior to Bailey, many circuits held that a defendant could be found guilty of using a firearm under § 924(c) if the circumstances surrounding the presence of the firearm in a place where drug transactions took place, suggest that it was strategically located so as to be quickly and easily available for use during such a transaction. However, the Petitioner points out that the Bailey court rejected this holding and concluded that use must be read narrowly to encompass only brandishing, displaying, bartering, striking with, firing, or attempting to fire a firearm. The Petitioner alleges none of these actions occurred in this case, and because of his lawyer's ineffectiveness, he never had the opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c).

### V.    ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

---

[2] Although the Petitioner does not provide a citation, the undersigned believes he is referring to U.S. v. Triestman, 124 F.3d 361 (2d Cir. 1997).

5

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely

6

because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id. A petitioner bears the burden of demonstrating that the section 2255 is "inadequate or ineffective," and the standard is an extremely stringent one.

In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34 (emphasis added).

Although Petitioner has raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

Moreover, the Petitioner's claims of double jeopardy are frivolous.  First, the Petitioner waived any double jeopardy claim by pleading guilty. United States v. Broce, 488 U.S. 563- 570-71 (1989).  Second, the conspiracy charge in Count 1, and by extension the 924(c) charge in Count 65, did not violate double jeopardy because the state conspiracy charge did not foreclose the federal charge. See Heath v. Alabama, 474 U.S. 82, 88 (1985) ("The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.' As the Court explained…'[a]n offense, in its legal signification, means the transgression of a law.' Consequently when

the same act transgresses the laws of two sovereigns, 'it cannot be truly averred that the offender has been twice punished for the same offense, but only that by one act he has committed two offenses, for each of which he is justly punished." (internal citations omitted).

In addition, Petitioner's reliance on Bailey is misplaced. In that decision, the Supreme Court addressed an earlier version of § 924(c) which prohibited "using or carrying a firearm during and in relation to "drug trafficking." Applying the common dictionary term for the word "use," the Bailey court held that § 924(c)(1) required "evidence sufficient to show an **active employment** of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense. Bailey 516 U.S. at 143 (emphasis in the original). However, in response to the Bailey decision, Congress amended § 924(c) in 1998 to its current version which provides for a mandatory minimum sentence of five years for "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of deadly or dangerous weapon or device) for which the person may be prosecuted in any court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm […]" 18 U.S.C. § 924(c)(1)(A)(i). In Count 65, the grand jury charged that on or about August 10, 2005...defendant…knowingly possessed a firearm…in furtherance of a drug trafficking crime…." ECF No. 1-1 at 19. Therefore, the indictment properly tracked the language of § 924(c)(1)(A) as it read in 2005, the year in

which the Petitioner is alleged to have violated the statute. Accordingly, Bailey provides no support for the Petitioner's claim.[3]

Consequently, because Petitioner clearly attacks the validity of his conviction and sentence and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI. RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the presiding District Judge **DISMISS** the Petition [ECF No. 1] and the civil action for lack of jurisdiction.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M.

---

[3] Likewise, the Petitioner's reliance on Triestman to open the portal to a § 2241 is misplaced. In Triestman, the Second Circuit was faced with a petitioner whose appeal and § 2255 were dismissed before the decision in Bailey was issued. When the petitioner subsequently moved for permission to file a successive § 2255 petition, his motion was denied because his argument relied neither on newly discovered evidence nor on a new rule of constitutional law, as is required of a successive § 2255 petition. However, on further review, the court noted that serious due process and Eighth Amendment questions might arise if § 2255 were the only means available for Triestman to attack his sentence. Accordingly, the Court held that Triestman could pursue his Bailey challenge pursuant to a § 2241 petition in these highly unusual circumstances. 124 F.3d at 380. First, Triestman is a Second Circuit decision and is, therefore, not binding on this court. Moreover, the decision in Triestman dealt with the pre-1998 version of §924(c) and, therefore has no application to the Petitioner's § 2241 petition.

Keeley, Senior United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* by certified mail, return receipt requested, and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: August 30, 2017

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE