IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAKIEM JOHNSON,**

    **Petitioner,**

v.                      **CIVIL ACTION NO. 1:16CV220**

**JOE COAKLEY, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8] AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

On November 17, 2016, the pro se petitioner, Hakiem Johnson ("Johnson"), filed a petition pursuant to 28 U.S.C. § 2241, attacking the validity of his convictions (Dkt. No. 1). Johnson primarily argues that his indictment and convictions in the District Court for the Eastern District of Pennsylvania violated the Double Jeopardy Clause of the Fifth Amendment. Id. at 5-6; Dkt. No. 1-1 at 16-21. Alternatively, citing Bailey v. United States, 516 U.S. 137 (1995), he argues that his conviction for possession of a firearm in furtherance of drug trafficking should be "remanded for resentencing due to change [sic] in operative law." (Dkt. Nos. 1 at 6; 1-1 at 21-23). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial screening and a Report and Recommendation ("R&R").

Magistrate Judge Aloi's R&R recommended that the petition be denied and dismissed for lack of jurisdiction because Johnson had

not demonstrated that § 2255 is an inadequate or ineffective remedy by which to attack the validity of his conviction (Dkt. No. 8 at 9). Specifically, the R&R concluded that Johnson had not established his entitlement to the application of § 2255's savings clause pursuant to the test articulated in In re Jones, 226 F.3d 328 (4th Cir. 2000). Id. at 7 (citing Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010)). The R&R further reviewed the petition on its merits, concluding that Johnson's claims of double jeopardy are frivolous, and that his reliance on Bailey is misplaced. Id. at 7-9.

The R&R also warned Johnson that his failure to object to the recommendation within fourteen (14) days would result in the waiver of any appellate rights he might otherwise have on these issues. Id. at 9. The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). To date, Johnson has not filed any objections to the R&R.

Consequently, finding no clear error, the Court **ADOPTS** the R&R (Dkt. No. 8), **DENIES** and **DISMISSES** Johnson's petition (Dkt. No. 1),

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8] AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

and **ORDERS** that this case be stricken from the Court's active docket.

It is so **ORDERED.**

The Court directs the Clerk to enter a separate judgment order and to transmit copies of this order to the <u>pro se</u> petitioner, certified mail, return receipt requested.

Dated: June 12, 2018.

                                        <u>/s/ Irene M. Keeley</u>
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE